**GARY SCHOER**
ATTORNEY AT LAW
NORTH SHORE ATRIUM
6800 JERICHO TURNPIKE, SUITE 108W
SYOSSET, NEW YORK 11791

(516) 496-3500
FAX (516) 496-3530
EMAIL: GSCHOER@AOL.COM

February 27, 2024

**VIA ECF**
Honorable Gary R. Brown
United States District Judge
United States District Court - EDNY
100 Federal Plaza
Central Islip, NY 11729

                        **RE: UNITED STATES v. QUINCY HOMERE**
                        **Docket No.: 16-CR-652 (GRB)**

Dear Honorable Sir:

    I am in receipt of the government's letter of February 26, 2024 with respect to Body Armor Guideline Enhancement.

    Respectfully, notwithstanding Judge Hurley's decision and the Second Circuit's affirmance (with a dissent) on this issue as it related to a Co-Defendant who went to trial, Mr. Homere submits that the enhancement should not be applied with respect to his Guideline determination.

    Mr. Homere did not go to trial, but, rather, entered a plea of guilty pursuant a Plea Agreement with the government, See annexed. Despite the government's knowledge of the wearing of a bulletproof vest by one of the other (not Mr. Homere) participants in the committed robbery, in the Plea Agreement, which the government prepared, the Guideline calculation to which if required Mr. Homere to stipulate, did not include an enhancement for the use of body armor.

1

While the Plea Agreement indicated that the calculation was not binding on the government, it seems disingenuous to require Defendant to stipulate and not hold the government to its calculation made with full knowledge of all of the facts and circumstances. Clearly, Mr. Homere relied upon the Guideline calculation in the Plea Agreement, to which he was required to stipulate, when he reached the crucial determination to forgo and waive his constitutional right to a trial and agreed to enter a plea of guilt. Fairness and due process of law dictate that the Guideline determination, herein, should not include the "Body Armor" enhancement.

Thank you for your consideration.

Very Truly Yours,

GARY SCHOER

GS/tm
Enclosure
cc:  To: AUSA Mark E. Misorak, Esq. (Via ECF)

JJD:MEM
F. # 2016R01890

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

QUINCY HOMERE,
    also known as "Q,"

                  Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

16 CR 652 (S-1)(LDW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 18 2017 ★
LONG ISLAND OFFICE

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and QUINCY HOMERE (the "defendant") agree to the following:

        1.     The defendant will plead guilty to Counts Two and Three of the above-captioned superseding indictment (the "Superseding Indictment"), charging violations of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(i)-(ii). The counts carry the following statutory penalties:

<u>Count Two: Armed Bank Robbery</u>:

        a.     Maximum term of imprisonment: 25 years
                (18 U.S.C. § 2113(a),(d)).

        b.     Minimum term of imprisonment: none
                (18 U.S.C. § 2113(a),(d)).

        c.     Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the

        defendant may be sentenced to up to 3 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

    d.    Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

    e.    Restitution: Mandatory in the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664).

    f.    $100 special assessment
(18 U.S.C. § 3013).

    g.    Other penalties: Criminal forfeiture as set forth below in paragraphs 6 through 11.
(18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c)).

<u>Count Three: Brandishing Firearms During Crime of Violence</u>:

    a.    Maximum term of imprisonment: Life
(18 U.S.C. § 924(c)(1)(A)(ii)).

    b.    Minimum term of imprisonment: 7 years
(18 U.S.C. § 924(c)(1)(A)(ii)).

    c.    Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

    d.    Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

    e.    Restitution: Mandatory in the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664).

    f.    $100 special assessment
(18 U.S.C. § 3013).

    g. Other penalties: Criminal forfeiture as set forth below in paragraphs 6 through 11.
(18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)).

Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii) the sentence imposed on Count Three must be consecutive to the sentence imposed on Count Two.

  2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 34, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---|
| | Base Offense Level (§2B3.1(a)) | 20 |
| Plus: | Property of Financial Institution Taken (§2B3.1(b)(1)) | +2 |
| Plus: | Victim Sustained Bodily Injury (§2B3.1(b)(3)) | +2 |
| Plus: | Victims Restrained During Offense (§2B3.1(4)) | +2 |
| Plus: | Loss Amount Greater Than $95,000 (§2B3.1(b)(7)) | +2 |
| Plus: | Organizer/Leader (§3B1.1(a)) | +4 |

3

|  |  |  |
|---|---|---|
| Plus: | Reckless Endangerment During Flight (§3C1.2) | +2 |
| Total: |  | <u>34</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 32 and a range of imprisonment of 151 - 188 months, assuming that the defendant falls within Criminal History Category III. Regarding Count Three, the Office estimates that, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(ii), the Sentencing Guidelines will be 7 years, or 84 months, to be served consecutively to the sentence imposed on Count Two. Accordingly, conviction on both counts carries a range of imprisonment of 235 – 272 months, assuming that the defendant falls within a Criminal History Category III. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before December 20, 2017 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 31 plus 84 month term of imprisonment to be served consecutively. This level carries a range of imprisonment of 219 - 252 months, assuming that the defendant falls within Criminal History Category III. The defendant stipulates to the above Guidelines calculation.

   3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be

entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

    4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 272 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

    5. The Office agrees that:

     a. no further criminal charges will be brought against the defendant for his participation in criminal activity, from in or about and between August 2015 through November 9, 2015, involving: (i) conspiracy to commit armed bank robbery; (ii) November 9, 2015 armed bank robbery of Wells Fargo; (iii) unlawful use of a firearm in furtherance of a crime of violence; and (iv) brandishing a firearm during a crime of violence, it being understood that this agreement does not bar the use of such

5

> conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining count of the Superseding Indictment and all counts of the underlying indictment, with prejudice;

and, based upon information now known to the Office, it will

> b. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a) and (b).

6. The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violations of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii), and 2113(a) and (d) as alleged in the Superseding Indictment. Pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of all right, title and interest in the following assets: (i) one AK-47 rifle, serial number 1-46572-03; (ii) one Ruger SP 101 silver colored .357 magnum revolver, serial number defaced; and (iii) five Winchester cartridges, which were all seized in or about November 2015 (the "Seized Assets"), as: (a) property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2113(a); (b) any firearm or

ammunition involved in or used in a knowing violation of 18 U.S.C. § 924 or any violation of any criminal law of the United States; and/or (c) as substitute assets.

7. The defendant agrees that the Seized Assets represent (a) property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2113(a); (b) any firearm or ammunition involved in or used in a knowing violation of 18 U.S.C. § 924 or any violation of any criminal law of the United States; and/or (c) as substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the Seized Assets.

8. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States, and to take whatever steps necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Assets. Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claim.

9. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document necessary to accomplish the same on timely notice to do so, may constitute a

material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional charges against the defendant. Further, if the defendant fails to forfeit the Seized Assets, the defendant consents to the forfeiture of any other property up to the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

10. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the Eighth Amendment of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

11. The defendant agrees that the forfeiture of the Seized Assets is not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

12. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.  Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
_December 18_ 2017

By: _____
BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

Mark E. Misorek
Assistant United States Attorney

Approved by: _____
John J. Durham
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
QUINCY HOMERE
Defendant

Approved by: _____
Jason Russo, Esq.
Counsel to Defendant

10